## EARLY v. ELECTRO BLEACHING GAS CO.

(Supreme Court, Appellate Term, First Department.  June 3, 1915.)

1. COURTS ⬅188—MUNICIPAL COURTS—RECOVERY OF PREFERENCE IN BANK-RUPTCY.

The Municipal Court has no jurisdiction over an action to secure repay-ment of moneys constituting an unlawful preference in bankruptcy.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442,. 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. ⬅188.]

2. BANKRUPTCY ⬅161—CERTIFIED CHECKS—TENDER, DELIVERY, AND AC-CEPTANCE.

Where, months before bankruptcy, bankrupt tendered and delivered certified checks to a creditor, and after bankruptcy the creditor accepted them, the matter having in the meantime been under consideration, the creditor is not liable to bankrupt's estate as for conversion, or for money had and received. The assignment of the funds becomes effective, on the acceptance, as of the date of the tender.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 261–263; Dec. Dig. ⬅161.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by William Early, trustee in bankruptcy of the Camden & Philadelphia Soap & Manufacturing Company, bankrupt, against the Electro Bleaching Gas Company.  From a judgment for plaintiff, rendered after a trial without a jury, defendant appeals.  Reversed and dismissed.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Dutton & Kilsheimer, of New York City (James B. Kilsheimer, of New York City, of counsel), for appellant.

Harry Bowers Mingle, of New York City, for respondent.

LEHMAN, J.  It appears that in July, 1912, the bankrupt owed to the defendant certain moneys.  It sent to the defendant three checks, which it had previously procured to be certified.  These checks showed upon their face that they were intended to be in payment of certain items which the bankrupt concededly owed to the defendant.  The defendant, however, claimed that the bankrupt owed it a larger sum, and notified the bankrupt that it could not accept these certified checks as payment for the specific items for which they were tendered, and would hold the checks subject to the bankrupt's orders.  Considerable correspondence passed between the parties in regard to these matters, until October 5th, when the Camden & Philadelphia Soap Company was adjudicated a bankrupt.  At that time the question of whether or not the defendant would accept the checks had not yet been satisfactorily settled, and the defendant was still in possession of the checks with the consent of the bankrupt, which was still urging the defendant to accept them.  When the defendant learned of the bankruptcy of the maker of the checks, it accepted them and used the proceeds.  The trustee in bankruptcy has now brought this action upon a complaint alleging that the transaction constituted an unlawful preference.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1, 2] I think that there can be no doubt but that the Municipal Court has no jurisdiction over an action to secure the repayment of moneys constituting an unlawful preference in bankruptcy, and the complaint should have been dismissed. The plaintiff, however, claims that the complaint really set forth a cause of action for conversion, or for money had and received. Even if the complaint were susceptible of such a construction, I do not think that the plaintiff has made out such a cause of action. The bankrupt had, months before the petition against it was filed, tendered to the defendant certified checks. By procuring the certification of the checks, the maker had in effect made an assignment of a part of its funds in the bank to the defendant. It is true that such assignment could not bind the defendant until the checks were delivered to it, and unless accepted by it. The checks were, however, delivered to the defendant, and the acceptance of the checks had not yet been definitely refused, and was still the subject of correspondence. Until the checks were refused, or their return demanded back, the bankrupt had no control of the funds covered by the checks. As soon as the defendant accepted the checks, then the assignment of the funds covered by them became effective, as of the date of the tender of the checks, when the bankrupt had done everything on its part necessary to divest itself of title. It seems to me, therefore, that the defendant had a right, even after bankruptcy, to accept the delivery made some months previously.

Judgment should be reversed, with costs, and complaint dismissed, with costs. All concur.